## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## TYLER DIVISION

| | |
|---|---|
| Personalweb Technologies LLC | |
| Plaintiff, | |
| v. | Civil Action No. 6:11-cv-657 |
| NetApp, Inc. | JURY TRIAL REQUESTED |
| Defendant. | |

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff PersonalWeb Technologies LLC files this Complaint for Patent Infringement against NetApp, Inc. ("Defendant") and states as follows:

## THE PARTIES

1.    Plaintiff PersonalWeb Technologies LLC ("PersonalWeb" or "Plaintiff") is a limited liability company organized under the laws of Texas with its principal place of business at 112 E. Line Street, Suite 204, Tyler, Texas, 75702.  PersonalWeb was founded in August 2010 and is in the business of developing and distributing software based on its technology assets.

2.    PersonalWeb protects its proprietary business applications and operations through a portfolio of patents that it owns, including 13 issued and pending United States patents. PersonalWeb is assignee and owner of eight patents at issue in this action: U.S. Patent Nos. 5,978,791, 6,415,280, 6,928,442, 7,802,310, 7,945,539, 7,945,544, 7,949,662, and 8,001,096.

3.    Defendant NetApp, Inc. ("NetApp") is a Delaware corporation with its principal executive offices at 495 East Java Drive, Sunnyvale, California 94089.  NetApp is qualified to

do business in the state of Texas, Filing No. 0010737406, and has appointed CT Corporation System, 350 N Saint Paul St. Suite 2900, Dallas, TX 75201-4234, as its agent for service of process.

4.      NetApp makes and distributes storage and software products, and offers storage and software services, to consumers in the United States and, more particularly, in the Eastern District of Texas.

**JURISDICTION AND VENUE**

5.      This is an action for patent infringement arising under the patent laws of the United States, Title 35, United States Code.  Jurisdiction as to these claims is conferred on this Court by 35 U.S.C. §§ 1331 and 1338(a).

6.      Venue is proper in the Eastern District of Texas under 28 U.S.C. §§ 1391 and 1400(b).  PersonalWeb is a limited liability company incorporated in Smith County, Texas with its principal place of business in Tyler, Texas.

7.      This Court has personal jurisdiction over NetApp.  NetApp has conducted and continues to conduct business within the State of Texas.  NetApp, directly or through intermediaries (including distributors, retailers, and others), ships, distributes, offers for sale, sells, and advertises its products and offers its products and services in the United States, the State of Texas, and the Eastern District of Texas.  NetApp has purposefully and voluntarily sold infringing software and performed infringing services with the expectation that they will be purchased and used by consumers in the Eastern District of Texas.  These infringing products and services have been and continue to be purchased and used by consumers in the Eastern District of Texas.  NetApp has committed acts of patent infringement within the State of Texas and, more particularly, within the Eastern District of Texas.

## PERSONALWEB BACKGROUND

8.     PersonalWeb is in the business of developing and distributing software based on its technology assets.  PersonalWeb draws on its proprietary technology to innovate and develop software products, including a social learning platform and digital content management system.

9.     PersonalWeb's products include a product referred to as "StudyPods…where social meets study™", a new social learning platform that enables students to connect, collaborate and share academic knowledge with each other at their own university or colleges worldwide.  PersonalWeb's also is developing enterprise solutions, including proprietary technology assets utilizing natural language processing and semantic analysis to search for and deliver relevant content available on the Internet to users.

10.     PersonalWeb also is developing the Global File Registry ("GFR") digital content management system, an online copyright protection and crime prevention tool that is a consolidated database containing unique identifiers of millions of infringing files captured and collected on behalf of multiple content owners and interested parties.

11.     PersonalWeb protects its proprietary business applications and operations through a portfolio of patents that it owns, including 13 issued and pending United States patents.

## INFRINGEMENT OF U.S. PATENT NO. 5,978,791

12.     On November 2, 1999, United States Patent No. 5,978,791 (the "'791 patent") was duly and legally issued for an invention entitled "Data Processing System Using Substantially Unique Identifiers to Identify Data Items, Whereby Data Items Have the Same Identifiers."  PersonalWeb was assigned the '791 patent and continues to hold all rights and interest in the '791 patent.  A true and correct copy of the '791 patent is attached hereto as Exhibit A.

13.     NetApp has infringed and continues to infringe the '791 patent by its manufacture, use, sale, importation, and/or offer for sale of the following products and services: NetApp Write Anywhere File Layout systems, SnapMirror Data Replication, SnapLock, and DataMotion.  NetApp further contributes to and induces others to manufacture, use, sell, import, and/or offer for sale these infringing products and services.  NetApp is liable for its infringement of the '791 patent pursuant to 35 U.S.C. § 271.

14.     NetApp's acts of infringement have caused damage to PersonalWeb, and PersonalWeb is entitled to recover from Defendant the damages sustained by PersonalWeb as a result of Defendant's wrongful acts in an amount subject to proof at trial.   Defendant's infringement of PersonalWeb's exclusive rights under the '791 patent will continue to damage PersonalWeb, causing irreparable harm for which there is no adequate remedy at law, unless enjoined by this Court.

### INFRINGEMENT OF U.S. PATENT NO. 6,415,280

15.     On July 2, 2002, United States Patent No. 6,415,280 (the "'280 patent") was duly and legally issued for an invention entitled "Identifying and Requesting Data in Network Using Identifiers Which Are Based On Contents of Data."   PersonalWeb was assigned the '280 patent and continues to hold all rights and interest in the '280 patent.  A true and correct copy of the '280 patent is attached hereto as Exhibit B.

16.     NetApp has infringed and continues to infringe the '280 patent by its manufacture, use, sale, importation, and/or offer for sale of the following products and services: NetApp Write Anywhere File Layout systems, SnapMirror Data Replication, SnapLock, and DataMotion.  NetApp further contributes to and induces others to manufacture, use, sell, import, and/or offer for sale these infringing products and services.  NetApp is liable for its infringement of the '280 patent pursuant to 35 U.S.C. § 271.

17.     NetApp's acts of infringement have caused damage to PersonalWeb, and PersonalWeb is entitled to recover from Defendant the damages sustained by PersonalWeb as a result of Defendant's wrongful acts in an amount subject to proof at trial.   Defendant's infringement of PersonalWeb's exclusive rights under the '280 patent will continue to damage PersonalWeb, causing irreparable harm for which there is no adequate remedy at law, unless enjoined by this Court.

## INFRINGEMENT OF U.S. PATENT NO. 6,928,442

18.     On Aug 9, 2005, United States Patent No. 6,928,442 (the "'442 patent") was duly and legally issued for an invention entitled "Enforcement and Policing of Licensed Content Using Content-based Identifiers."   PersonalWeb was assigned the '442 patent and continues to hold all rights and interest in the '442 patent.   A true and correct copy of the '442 patent is attached hereto as Exhibit C.

19.     NetApp has infringed and continues to infringe the '442 patent by its manufacture, use, sale, importation, and/or offer for sale of the following products and services:. NetApp Write Anywhere File Layout systems, SnapMirror Data Replication, SnapLock, and DataMotion.   NetApp further contributes to and induces others to manufacture, use, sell, import, and/or offer for sale these infringing products and services.   NetApp is liable for its infringement of the '442 patent pursuant to 35 U.S.C. § 271.

20.     NetApp's acts of infringement have caused damage to PersonalWeb, and PersonalWeb is entitled to recover from Defendant the damages sustained by PersonalWeb as a result of Defendant's wrongful acts in an amount subject to proof at trial.   Defendant's infringement of PersonalWeb's exclusive rights under the '442 patent will continue to damage PersonalWeb, causing irreparable harm for which there is no adequate remedy at law, unless enjoined by this Court.

## INFRINGEMENT OF U.S. PATENT NO. 7,802,310

21.     On September 21, 2010, United States Patent No. 7,802,310 (the "'310 patent")
was duly and legally issued for an invention entitled "Controlling Access to Data in a Data
Processing System."  PersonalWeb was assigned the '310 patent and continues to hold all rights
and interest in the '310 patent.  A true and correct copy of the '310 patent is attached hereto as
Exhibit D.

22.     NetApp has infringed and continues to infringe the '310 patent by its
manufacture, use, sale, importation, and/or offer for sale of the following products and services:
NetApp Write Anywhere File Layout systems, SnapMirror Data Replication, SnapLock, and
DataMotion.  NetApp further contributes to and induces others to manufacture, use, sell, import,
and/or offer for sale these infringing products and services.  NetApp is liable for its infringement
of the '310 patent pursuant to 35 U.S.C. § 271.

23.     NetApp's acts of infringement have caused damage to PersonalWeb, and
PersonalWeb is entitled to recover from Defendant the damages sustained by PersonalWeb as a
result of Defendant's wrongful acts in an amount subject to proof at trial.  Defendant's
infringement of PersonalWeb's exclusive rights under the '310 patent will continue to damage
PersonalWeb, causing irreparable harm for which there is no adequate remedy at law, unless
enjoined by this Court.

## INFRINGEMENT OF U.S. PATENT NO. 7,945,539

24.     On May 17, 2011, United States Patent No. 7,945,539 (the "'539 patent") was
duly and legally issued for an invention entitled "Distributing and Accessing Data in a Data
Processing System."  PersonalWeb was assigned the '539 patent and continues to hold all rights
and interest in the '539 patent.  A true and correct copy of the '539 patent is attached hereto as
Exhibit E.

25.     NetApp has infringed and continues to infringe the '539 patent by its manufacture, use, sale, importation, and/or offer for sale of the following products and services: NetApp Write Anywhere File Layout systems, SnapMirror Data Replication, SnapLock, and DataMotion.  NetApp further contributes to and induces others to manufacture, use, sell, import, and/or offer for sale these infringing products and services.  NetApp is liable for its infringement of the '539 patent pursuant to 35 U.S.C. § 271.

26.     NetApp's acts of infringement have caused damage to PersonalWeb, and PersonalWeb is entitled to recover from Defendant the damages sustained by PersonalWeb as a result of Defendant's wrongful acts in an amount subject to proof at trial.  Defendant's infringement of PersonalWeb's exclusive rights under the '539 patent will continue to damage PersonalWeb, causing irreparable harm for which there is no adequate remedy at law, unless enjoined by this Court.

## INFRINGEMENT OF U.S. PATENT NO. 7,945,544

27.     On May 17, 2011, United States Patent No. 7,945,544 (the "'544 patent") was duly and legally issued for an invention entitled "Similarity-Based Access Control of Data in a Data Processing System."  PersonalWeb was assigned the '544 patent and continues to hold all rights and interest in the '544 patent.  A true and correct copy of the '544 patent is attached hereto as Exhibit F.

28.     NetApp has infringed and continues to infringe the '544 patent by its manufacture, use, sale, importation, and/or offer for sale of the following products and services: NetApp Write Anywhere File Layout systems, SnapMirror Data Replication, SnapLock, and DataMotion.  NetApp further contributes to and induces others to manufacture, use, sell, import, and/or offer for sale these infringing products and services.  NetApp is liable for its infringement of the '544 patent pursuant to 35 U.S.C. § 271.

29.     NetApp's acts of infringement have caused damage to PersonalWeb, and PersonalWeb is entitled to recover from Defendant the damages sustained by PersonalWeb as a result of Defendant's wrongful acts in an amount subject to proof at trial.   Defendant's infringement of PersonalWeb's exclusive rights under the '544 patent will continue to damage PersonalWeb, causing irreparable harm for which there is no adequate remedy at law, unless enjoined by this Court.

## INFRINGEMENT OF U.S. PATENT NO. 7,949,662

30.     On May 24, 2011, United States Patent No. 7,949,662 (the "'662 patent") was duly and legally issued for an invention entitled "De-duplication of Data in a Data Processing System."  PersonalWeb was assigned the '662 patent and continues to hold all rights and interest in the '662 patent.  A true and correct copy of the '662 patent is attached hereto as Exhibit G.

31.     NetApp has infringed and continues to infringe the '662 patent by its manufacture, use, sale, importation, and/or offer for sale of the following products and services: NetApp Write Anywhere File Layout systems, SnapMirror Data Replication, SnapLock, and DataMotion.  NetApp further contributes to and induces others to manufacture, use, sell, import, and/or offer for sale these infringing products and services.  NetApp is liable for its infringement of the '662 patent pursuant to 35 U.S.C. § 271.

32.     NetApp's acts of infringement have caused damage to PersonalWeb, and PersonalWeb is entitled to recover from Defendant the damages sustained by PersonalWeb as a result of Defendant's wrongful acts in an amount subject to proof at trial.   Defendant's infringement of PersonalWeb's exclusive rights under the '662 patent will continue to damage PersonalWeb, causing irreparable harm for which there is no adequate remedy at law, unless enjoined by this Court.

## INFRINGEMENT OF U.S. PATENT NO.  8,001,096

33.     On August 16, 2011, United States Patent No. 8,001,096 (the "'096 patent") was duly and legally issued for an invention entitled "Computer File System Using Content-Dependent File Identifiers."  PersonalWeb was assigned the '096 patent and continues to hold all rights and interest in the '096 patent.  A true and correct copy of the '096 patent is attached hereto as Exhibit H.

34.     NetApp has infringed and continues to infringe the '096 patent by its manufacture, use, sale, importation, and/or offer for sale of the following products and services: NetApp Write Anywhere File Layout systems, SnapMirror Data Replication, SnapLock, and DataMotion.  NetApp further contributes to and induces others to manufacture, use, sell, import, and/or offer for sale these infringing products and services.  NetApp is liable for its infringement of the '096 patent pursuant to 35 U.S.C. § 271.

35.     Defendant NetApp's acts of infringement have caused damage to PersonalWeb, and PersonalWeb is entitled to recover from Defendant the damages sustained by PersonalWeb as a result of Defendant's wrongful acts in an amount subject to proof at trial.  Defendant's infringement of PersonalWeb's exclusive rights under the '096 patent will continue to damage PersonalWeb, causing irreparable harm for which there is no adequate remedy at law, unless enjoined by this Court.

## COUNT ONE—PATENT INFRINGEMENT AGAINST NETAPP

36.     Plaintiff incorporates herein by reference the allegations set forth in paragraphs 1-36 of this Complaint as though fully set forth herein.

37.     NetApp has infringed and/or continues to infringe one or more claims of the Patents-in-Suit as set forth above.  NetApp is liable for direct infringement, as well as indirect infringement by way of inducement and/or contributory infringement, for each of the Patents-

in-Suit pursuant to 35 U.S.C. § 271 (a), (b), (c), and/or (f) as set forth above.   For PersonalWeb's claims of indirect infringement, NetApp's end-user customers and consultants are direct infringers of the Patents-in-Suit.

38.   NetApp's acts of infringement have caused damage to PersonalWeb. PersonalWeb is entitled to recover from NetApp the damages sustained by PersonalWeb as a result of NetApp's wrongful acts in an amount subject to proof at trial.   In addition, the infringing acts and practices of NetApp has caused, is causing, and, unless such acts and practices are enjoined by the Court, will continue to cause immediate and irreparable harm to PersonalWeb for which there is no adequate remedy at law, and for which PersonalWeb is entitled to injunctive relief under 35 U.S.C. § 283.

39.   NetApp has received actual notice of infringement.

## DEMAND FOR JURY TRIAL

PersonalWeb hereby demands a jury for all issues so triable.

## PRAYER

WHEREFORE, PersonalWeb prays for judgment as follows:

1.   that Defendant has infringed, directly and/or indirectly, one or more claims of the Patents-in-Suit;

2.   requiring Defendant to pay PersonalWeb's actual damages;

3.   requiring Defendant to pay PersonalWeb supplemental damages for any continuing post-verdict infringement up until entry of the final judgment, together with an accounting as needed;

4.   requiring Defendant to pay to PersonalWeb pre-judgment and post-judgment interest on the damages awarded at the maximum rate provided by law;

5.      requiring Defendant to pay to PersonalWeb all costs of this action

6.      requiring Defendant to pay attorneys' fees under 35 U.S.C. § 285;

7.      enjoining Defendant, its agents, employees, representatives, successors and assigns, and those acting in privity or in concert with it from further infringement of the Patents-in-Suit;

8.      in the event a final injunction is not awarded, awarding a compulsory ongoing royalty; and

9.      such other and further relief as the Court deems just and equitable.


DATED:  December 8, 2011                            Respectfully submitted,

                                                   **McKOOL SMITH, P.C.**


                                                    _/s/ Sam Baxter_____
                                                   Sam Baxter (Lead Counsel)
                                                   Texas State Bar No. 01938000
                                                   sbaxter@mckoolsmith.com
                                                   104 East Houston Street, Suite 300
                                                   Marshall, Texas  75670
                                                   Telephone: (903) 923-9000
                                                   Telecopier: (903) 923-9099

                                                   Theodore Stevenson, III
                                                   Texas State Bar No. 19196650
                                                   tstevenson@mckoolsmith.com
                                                   David Sochia
                                                   Texas State Bar No. 00797470
                                                   McKool Smith, P.C.
                                                   300 Crescent Court, Suite 1500
                                                   Dallas, Texas 75201
                                                   Telephone: (214) 978-4000
                                                   Telecopier: (214) 978-4044

Steve Pollinger
Texas State Bar No. 24011919
spollinger@mckoolsmith.com
McKool Smith, P.C.
300 West Sixth Street, Suite 1700
Austin, Texas 78701
Telephone: (512) 692-8700
Telecopier: (512) 692-8744

**OF COUNSEL**:

Roderick G. Dorman
rdorman@mckoolsmithhennigan.com
Lawrence M. Hadley
lhadley@mckoolsmithhennigan.com
McKool Smith, P.C.
865 South Figueroa Street, Suite 2900
Los Angeles, California 90017
Telephone (213) 694-1200
Telecopier: (213) 694-1234

**Attorneys For Plaintiff**
**Personalweb Technologies, LLC**