IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

PersonalWeb Technologies LLC

        Plaintiff,

vs.

NetApp, Inc.

        Defendant.

Civil Action No. 6:11-cv-657-LED

JURY TRIAL DEMANDED

## NETAPP INC.'S ANSWER TO PLAINTIFF'S COMPLAINT, AFFIRMATIVE DEFENSES AND COUNTERCLAIMS

Defendant and Counterclaimant NetApp, Inc. ("NetApp") hereby files its Answer to Plaintiff PersonalWeb Technologies LLC's ("PersonalWeb") Complaint for Patent Infringement, Affirmative Defenses and Counterclaims as follows:

## THE PARTIES

1.    NetApp is without knowledge or information sufficient to admit the truth of or deny the allegations of paragraph 1 of PersonalWeb's Complaint, and NetApp therefore denies them.

2.    NetApp denies that Personal Web is the owner of all interests in the eight patents at issue in this action.  NetApp is without knowledge or information sufficient to admit the truth of or deny the remaining allegations of paragraph 2 of PersonalWeb's Complaint, and NetApp therefore denies them.

3.    NetApp admits that it is a Delaware corporation with its principal place of business at 495 East Java Drive, Sunnyvale, CA 94089.  NetApp further admits that it is

qualified to do business in the state of Texas and has appointed CT Corporation System as its
agent for service of process.

4.      NetApp admits that it makes and distributes storage systems and software
products, and that it offers storage and software services to consumers across the United States,
including in the Eastern District of Texas.

## JURISDICTION AND VENUE

5.      NetApp admits that the Complaint purports to state an action for patent
infringement arising under Title 35 of the United States Code.  NetApp denies that jurisdiction as
to these claims is conferred on this Court by 35 U.S.C. §§ 1331 and 1338(a).

6.      NetApp admits that venue is proper in this district under 28 U.S.C. §§ 1391(b)-(c)
and 1400(b), but because of the lack of connections of NetApp and PersonalWeb to this district,
among other reasons, NetApp denies that this action should be maintained as pled in this district.
NetApp is without knowledge or information sufficient to admit the truth of or deny the
remaining allegations of paragraph 6 of PersonalWeb's Complaint, and NetApp therefore denies
them.

7.      NetApp admits that it is subject to the personal jurisdiction of this Court.  NetApp
further admits that it has conducted business within the State of Texas and that it ships,
distributes, offers for sale, sells and advertises its products and services throughout the United
States, including in the State of Texas and this judicial district.  NetApp denies that it has
committed acts of patent infringement within the State of Texas, the Eastern District of Texas, or
elsewhere.  NetApp specifically denies that it has purposefully, voluntarily or otherwise sold
infringing software and/or performed infringing services with the expectation that they will be
purchased and used by consumers in the Eastern District of Texas or elsewhere.  NetApp further
denies that infringing products and services have been and/or continue to be used by consumers

in the Eastern District of Texas or elsewhere.  NetApp denies any remaining allegations in paragraph 7 of PersonalWeb's Complaint.

## PERSONALWEB BACKGROUND

8.      NetApp is without knowledge or information sufficient to admit the truth of or deny the allegations of paragraph 8 of PersonalWeb's Complaint, and NetApp therefore denies them.

9.      NetApp is without knowledge or information sufficient to admit the truth of or deny the allegations of paragraph 9 of PersonalWeb's Complaint, and NetApp therefore denies them.

10.      NetApp is without knowledge or information sufficient to admit the truth of or deny the allegations of paragraph 10 of PersonalWeb's Complaint, and NetApp therefore denies them.

11.      NetApp is without knowledge or information sufficient to admit the truth of or deny the allegations of paragraph 11 of PersonalWeb's Complaint, and NetApp therefore denies them.

## INFRINGEMENT OF U.S. PATENT NO. 5,978,791

12.      NetApp admits that U.S. Patent No. 5,978,791 (the "'791 patent") entitled "Data Processing System Using Substantially Unique Identifiers to Identify Data Items, Whereby Data Items Have the Same Identifiers" issued on November 2, 1999.  NetApp further admits that what purports to be a true and correct copy of the '791 Patent is attached to the Complaint as Exhibit A.  NetApp denies that PersonalWeb holds all rights and interest in the '791 Patent.  NetApp is without knowledge or information sufficient to admit the truth of or deny the remaining allegations of paragraph 12 of PersonalWeb's Complaint, and NetApp therefore denies them.

13.      NetApp denies the allegations of paragraph 13 of PersonalWeb's Complaint.

14.     NetApp denies the allegations of paragraph 14 of PersonalWeb's Complaint.

**INFRINGEMENT OF U.S. PATENT NO. 6,415,280**

15.     NetApp admits that U.S. Patent No. 6,415,280 (the "'280 patent") entitled "Identifying and Requesting Data in Network Using Identifiers Which Are Based on Contents of Data" issued on July 2, 2002.  NetApp further admits that what purports to be a true and correct copy of the '280 Patent is attached to the Complaint as Exhibit B.  NetApp denies that PersonalWeb holds all rights and interest in the '280 Patent.  NetApp is without knowledge or information sufficient to admit the truth of or deny the remaining allegations of paragraph 15 of PersonalWeb's Complaint, and NetApp therefore denies them.

16.     NetApp denies the allegations of paragraph 16 of PersonalWeb's Complaint.

17.     NetApp denies the allegations of paragraph 17 of PersonalWeb's Complaint.

**INFRINGEMENT OF U.S. PATENT NO. 6,928,442**

18.     NetApp admits that U.S. Patent No. 6,928,442 (the "'442 patent") entitled "Enforcement and Policing of Licensed Content Using Content-based Identifiers" issued on August 9, 2005.  NetApp further admits that what purports to be a true and correct copy of the '442 Patent is attached to the Complaint as Exhibit C.  NetApp denies that PersonalWeb holds all rights and interest in the '442 Patent.  NetApp is without knowledge or information sufficient to admit the truth of or deny the remaining allegations of paragraph 18 of PersonalWeb's Complaint, and NetApp therefore denies them.

19.     NetApp denies the allegations of paragraph 19 of PersonalWeb's Complaint.

20.     NetApp denies the allegations of paragraph 20 of PersonalWeb's Complaint.

**INFRINGEMENT OF U.S. PATENT NO. 7,802,310**

21.     NetApp admits that U.S. Patent No. 7,802,310 (the "'310 patent") entitled "Controlling Access To Data In A Data Processing System" issued on September 21, 2010.

NetApp admits that what purports to be a true and correct copy of the '310 patent is attached to the Complaint as Exhibit D.  NetApp denies that PersonalWeb holds all rights and interest in the '310 patent.  NetApp is without knowledge or information sufficient to admit the truth of or deny the remaining allegations of paragraph 21 of PersonalWeb's Complaint, and NetApp therefore denies them.

22.     NetApp denies the allegations of paragraph 22 of PersonalWeb's Complaint.

23.     NetApp denies the allegations of paragraph 23 of PersonalWeb's Complaint.

**INFRINGEMENT OF U.S. PATENT NO. 7,945,539**

24.     NetApp admits that U.S. Patent No. 7,945,539 (the "'539 patent") entitled "Distributing and Accessing Data in a Data Processing System" issued on May 17, 2011. NetApp further admits that what purports to be a true and correct copy of the '539 patent is attached to the Complaint as Exhibit E.  NetApp denies that PersonalWeb holds all rights and interest in the '539 patent.  NetApp is without knowledge or information sufficient to admit the truth of or deny the remaining allegations of paragraph 24 of PersonalWeb's Complaint, and NetApp therefore denies them.

25.     NetApp denies the allegations of paragraph 25 of PersonalWeb's Complaint.

26.     NetApp denies the allegations of paragraph 26 of PersonalWeb's Complaint.

**INFRINGEMENT OF U.S. PATENT NO. 7,945,544**

27.     NetApp admits that U.S. Patent No. 7,945,544 (the "'544 patent") entitled "Similarity-Based Access Control of Data in a Data Processing System" issued on May 17, 2011. NetApp further admits that what purports to be a true and correct copy of the '544 patent is attached to the Complaint as Exhibit F.  NetApp denies that PersonalWeb holds all rights and interest in the '544 patent.  NetApp is without knowledge or information sufficient to admit the

truth of or deny the remaining allegations of paragraph 27 of PersonalWeb's Complaint, and NetApp therefore denies them.

28.     NetApp denies the allegations of paragraph 28 of PersonalWeb's Complaint.

29.     NetApp denies the allegations of paragraph 29 of PersonalWeb's Complaint.

**INFRINGEMENT OF U.S. PATENT NO. 7,949,662**

30.     NetApp admits that U.S. Patent No. 7,949,662 (the "'662 patent") entitled "De-duplication of Data in a Data Processing System" issued on May 24, 2011.  NetApp further admits that what purports to be a true and correct copy of the '662 patent is attached to the Complaint as Exhibit G.  NetApp denies that PersonalWeb holds all rights and interest in the '662 patent.  NetApp is without knowledge or information sufficient to admit the truth of or deny the remaining allegations of paragraph 30 of PersonalWeb's Complaint, and NetApp therefore denies them.

31.     NetApp denies the allegations of paragraph 31 of PersonalWeb's Complaint.

32.     NetApp denies the allegations of paragraph 32 of PersonalWeb's Complaint.

**INFRINGEMENT OF U.S. PATENT NO. 8,001,096**

33.     NetApp admits that U.S. Patent No. 8,001,096 (the "'096 patent") entitled "Computer File System Using Content-Dependent File Identifiers" issued on August 16, 2011. NetApp further admits that what purports to be a true and correct copy of the '096 patent is attached to the Complaint as Exhibit H.  NetApp denies that PersonalWeb holds all rights and interest in the '096 patent.  NetApp is without knowledge or information sufficient to admit the truth of or deny the remaining allegations of paragraph 33 of PersonalWeb's Complaint, and NetApp therefore denies them.

34.     NetApp denies the allegations of paragraph 34 of PersonalWeb's Complaint.

35.     NetApp denies the allegations of paragraph 35 of PersonalWeb's Complaint.

## COUNT ONE – PATENT INFRINGEMENT AGAINST NETAPP

36.     NetApp incorporates herein by reference its answers to the allegations set forth in paragraphs 1 – 36 of this Complaint as though fully set forth herein.

37.     NetApp denies the allegations of paragraph 37 of NetApp's Complaint.

38.     NetApp denies the allegations of paragraph 38 of PersonalWeb's Complaint.

39.     NetApp denies that it received actual notice of the alleged infringement prior to the date of service of PersonalWeb's Complaint.

## JURY DEMAND

NetApp admits that the Complaint sets forth a demand for a trial by jury.  NetApp, likewise, demands a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

NetApp denies the allegations contained in the Prayer for Relief and further denies that PersonalWeb is entitled to any relief whatsoever against NetApp.

## AFFIRMATIVE DEFENSES

For its affirmative defenses to the Complaint, NetApp alleges as follows:

### First Affirmative Defense

The asserted claims of the Patents-in-Suit are invalid pursuant to one or more of the provisions of Title 35 of the United States Code, including, but not limited to, 35 U.S.C. §§ 101 (lack of patentable subject matter), 102 (anticipation), 103 (obviousness), and/or 112 (indefiniteness and failure to satisfy the written description and/or enablement requirements).

### Second Affirmative Defense

Plaintiff's claims of infringement against NetApp regarding the Patents-In-Suit are barred and the Patents-In-Suit are unenforceable against NetApp due to the doctrines of laches, waiver, estoppel, and/or acquiescence.

### Third Affirmative Defense

Plaintiff's enforcement of the Patents-In-Suit is barred, in whole or in part, by the doctrine of prosecution history laches.

### Fourth Affirmative Defense

On information and belief, NetApp does not hold all rights and interest in the Patents-In-Suit and, therefore, NetApp lacks standing to sue for infringement of the Patents-In-Suit pursuant to Federal Rule of Civil Procedure 12(b)(1).

### Fifth Affirmative Defense

PersonalWeb's claims for infringement of the Patents-In-Suit are barred for failure to join a necessary party pursuant to Federal Rule of Civil Procedure 19(a)(1).   On information and belief, the Patents-In-Suit are co-owned by PersonalWeb and Level 3 Communications, LLC ("Level 3") and, therefore, the Court cannot accord complete relief among existing parties thereby subjecting PersonalWeb to multiple lawsuits on the same issue.

### Sixth Affirmative Defense / Reservation of Rights

NetApp is investigating the facts relating to the procurement of the Patents-In-Suit and the assertion of infringement against NetApp, and will continue to do so throughout the discovery process.  To the extent that this investigation reveals any improprieties in connection with such matters, NetApp reserves the right to seek leave to amend to assert such allegations and/or defenses based thereon that may be appropriate.

## COUNTERCLAIMS

### THE PARTIES

1.      Defendant and Counterclaimant NetApp, Inc. ("NetApp") is a corporation organized and existing under the laws of the State of Delaware and maintains its principal place of business located at 495 East Java Drive, Sunnyvale, California 94089.

2.      Upon information and belief, Plaintiff and Counterclaim-Defendant PersonalWeb Technologies LLC ("PersonalWeb") is a Texas limited liability corporation with a principal place of business at 112 E. Line Street, Suite 204, Tyler, Texas 75702.

### JURISDICTION AND VENUE

3.      This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338 with respect to claims arising under the Patent Act, 35 U.S.C. § 101 et seq., and pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201 et seq.

4.      This Court has personal jurisdiction over PersonalWeb, which has availed itself of the Texas court by making in this Court claims of alleged infringement of the Patents-In-Suit.

5.      Venue exists under 28 U.S.C. §§ 1391(b)-(c).  Because PersonalWeb filed suit in this judicial district, NetApp is pleading its counterclaims herein; however, the Northern District of California would be a more convenient venue to hear such claims.

### FIRST COUNT
### (Declaration of Non-Infringement of U.S. Patent No. 5,978,791)

6.      NetApp repeats and incorporates by reference the preceding paragraphs of its Counterclaims as though fully set forth herein.

7.      PersonalWeb has brought a patent infringement action against NetApp.

8.      PersonalWeb has alleged that it is the owner by assignment of U.S. Patent No. 5,978,791 (the "'791 Patent").

9.      PersonalWeb has alleged and continues to allege that NetApp has directly, by inducement, and/or contributorily infringed the '791 Patent.

10.     An actual controversy, within the meaning of 28 U.S.C. §§ 2201 and 2202, has arisen and exists between PersonalWeb and NetApp concerning whether NetApp has infringed and is infringing any valid and enforceable claim of the '791 Patent.

11.     NetApp does not infringe any valid and enforceable claim of the '791 Patent.

12.     By virtue of the foregoing, NetApp desires a judicial determination of its rights and duties with respect to any alleged infringement of the '791 Patent.

13.     A judicial declaration is necessary and appropriate at this time so that the parties may proceed in accordance with their respective rights and duties determined by the Court.

## SECOND COUNT
### (Declaration of Patent Invalidity of U.S. Patent No. 5,978,791)

14.     NetApp repeats and incorporates by reference the preceding paragraphs of its Counterclaims as though fully set forth herein.

15.     PersonalWeb has brought a patent infringement action against NetApp.

16.     An actual controversy, within the meaning of 28 U.S.C. §§ 2201 and 2202, exists between PersonalWeb and NetApp regarding invalidity of the claims of the '791 Patent.

17.     Upon information and belief, the claims of the '791 Patent are invalid for failing to comply with the provisions of the Patent Laws, Title 35 of the United States Code, including without limitation one or more of 35 U.S.C. §§ 101, 102, 103, and/or 112 and/or the rules, regulations and law pertaining thereto.

18.     By virtue of the foregoing, NetApp desires a judicial determination of its rights and duties with respect to the invalidity of the claims of the '791 Patent.

19.     A judicial declaration is necessary and appropriate at this time so that the parties may proceed in accordance with their respective rights and duties determined by the Court.

### THIRD COUNT
**(Declaration of Non-Infringement of U.S. Patent No. 6,415,280)**

20.     NetApp repeats and incorporates by reference the preceding paragraphs of its Counterclaims as though fully set forth herein.

21.     PersonalWeb has brought a patent infringement action against NetApp.

22.     PersonalWeb has alleged that it is the owner by assignment of U.S. Patent No. 6,415,280 (the "'280 Patent").

23.     PersonalWeb has alleged and continues to allege that NetApp has directly, by inducement, and/or contributorily infringed the '280 Patent.

24.     An actual controversy, within the meaning of 28 U.S.C. §§ 2201 and 2202, has arisen and exists between PersonalWeb and NetApp concerning whether NetApp has infringed and is infringing any valid and enforceable claim of the '280 Patent.

25.     NetApp does not infringe any valid and enforceable claim of the '280 Patent.

26.     By virtue of the foregoing, NetApp desires a judicial determination of its rights and duties with respect to any alleged infringement of the '280 Patent.

27.     A judicial declaration is necessary and appropriate at this time so that the parties may proceed in accordance with their respective rights and duties determined by the Court.

## FOURTH COUNT
### (Declaration of Patent Invalidity of U.S. Patent No. 6,415,280)

28.     NetApp repeats and incorporates by reference the preceding paragraphs of its Counterclaims as though fully set forth herein.

29.     PersonalWeb has brought a patent infringement action against NetApp.

30.     An actual controversy, within the meaning of 28 U.S.C. §§ 2201 and 2202, exists between PersonalWeb and NetApp regarding invalidity of the claims of the '280 Patent.

31.     Upon information and belief, the claims of the '280 Patent are invalid for failing to comply with the provisions of the Patent Laws, Title 35 of the United States Code, including without limitation one or more of 35 U.S.C. §§ 101, 102, 103, and/or 112 and/or the rules, regulations and law pertaining thereto.

32.     By virtue of the foregoing, NetApp desires a judicial determination of its rights and duties with respect to the invalidity of the claims of the '280 Patent.

33.     A judicial declaration is necessary and appropriate at this time so that the parties may proceed in accordance with their respective rights and duties determined by the Court.

## FIFTH COUNT
### (Declaration of Non-Infringement of U.S. Patent No. 6,928,442)

34.     NetApp repeats and incorporates by reference the preceding paragraphs of its Counterclaims as though fully set forth herein.

35.     PersonalWeb has brought a patent infringement action against NetApp.

36.     PersonalWeb has alleged that it is the owner by assignment of U.S. Patent No. 6,928,442 (the "'442 Patent").

37.     PersonalWeb has alleged and continues to allege that NetApp has directly, by inducement, and/or contributorily infringed the '442 Patent.

38.     An actual controversy, within the meaning of 28 U.S.C. §§ 2201 and 2202, has arisen and exists between PersonalWeb and NetApp concerning whether NetApp has infringed and is infringing any valid and enforceable claim of the '442 Patent.

39.     NetApp does not infringe any valid and enforceable claim of the '442 Patent.

40.     By virtue of the foregoing, NetApp desires a judicial determination of its rights and duties with respect to any alleged infringement of the '442 Patent.

41.     A judicial declaration is necessary and appropriate at this time so that the parties may proceed in accordance with their respective rights and duties determined by the Court.

**SIXTH COUNT**
**(Declaration of Patent Invalidity of U.S. Patent No. 6,928,442)**

42.     NetApp repeats and incorporates by reference the preceding paragraphs of its Counterclaims as though fully set forth herein.

43.     PersonalWeb has brought a patent infringement action against NetApp.

44.     An actual controversy, within the meaning of 28 U.S.C. §§ 2201 and 2202, exists between PersonalWeb and NetApp regarding invalidity of the claims of the '442 Patent.

45.     Upon information and belief, the claims of the '442 Patent are invalid for failing to comply with the provisions of the Patent Laws, Title 35 of the United States Code, including without limitation one or more of 35 U.S.C. §§ 101, 102, 103, and/or 112 and/or the rules, regulations and law pertaining thereto.

46.     By virtue of the foregoing, NetApp desires a judicial determination of its rights and duties with respect to the invalidity of the claims of the '442 Patent.

47.     A judicial declaration is necessary and appropriate at this time so that the parties may proceed in accordance with their respective rights and duties determined by the Court.

## SEVENTH COUNT
### (Declaration of Non-Infringement of U.S. Patent No. 7,802,310)

48.     NetApp repeats and incorporates by reference the preceding paragraphs of its Counterclaims as though fully set forth herein.

49.     PersonalWeb has brought a patent infringement action against NetApp.

50.     PersonalWeb has alleged that it is the owner by assignment of U.S. Patent No. 7,802,310 (the "'310 Patent").

51.     PersonalWeb has alleged and continues to allege that NetApp has directly, by inducement, and/or contributorily infringed the '310 Patent.

52.     An actual controversy, within the meaning of 28 U.S.C. §§ 2201 and 2202, has arisen and exists between PersonalWeb and NetApp concerning whether NetApp has infringed and is infringing any valid and enforceable claim of the '310 Patent.

53.     NetApp does not infringe any valid and enforceable claim of the '310 Patent.

54.     By virtue of the foregoing, NetApp desires a judicial determination of its rights and duties with respect to any alleged infringement of the '310 Patent.

55.     A judicial declaration is necessary and appropriate at this time so that the parties may proceed in accordance with their respective rights and duties determined by the Court.

## EIGHTH COUNT
### (Declaration of Patent Invalidity of U.S. Patent No. 7,802,310)

56.     NetApp repeats and incorporates by reference the preceding paragraphs of its Counterclaims as though fully set forth herein.

57.     PersonalWeb has brought a patent infringement action against NetApp.

58.     An actual controversy, within the meaning of 28 U.S.C. §§ 2201 and 2202, exists between PersonalWeb and NetApp regarding invalidity of the claims of the '310 Patent.

59.     Upon information and belief, the claims of the '310 Patent are invalid for failing to comply with the provisions of the Patent Laws, Title 35 of the United States Code, including without limitation one or more of 35 U.S.C. §§ 101, 102, 103, and/or 112 and/or the rules, regulations and law pertaining thereto.

60.     By virtue of the foregoing, NetApp desires a judicial determination of its rights and duties with respect to the invalidity of the claims of the '310 Patent.

61.     A judicial declaration is necessary and appropriate at this time so that the parties may proceed in accordance with their respective rights and duties determined by the Court.

### NINTH COUNT
### (Declaration of Non-Infringement of U.S. Patent No. 7,945,539)

62.     NetApp repeats and incorporates by reference the preceding paragraphs of its Counterclaims as though fully set forth herein.

63.     PersonalWeb has brought a patent infringement action against NetApp.

64.     PersonalWeb has alleged that it is the owner by assignment of U.S. Patent No. 7,945,539 (the "'539 Patent").

65.     PersonalWeb has alleged and continues to allege that NetApp has directly, by inducement, and/or contributorily infringed the '539 Patent.

66.     An actual controversy, within the meaning of 28 U.S.C. §§ 2201 and 2202, has arisen and exists between PersonalWeb and NetApp concerning whether NetApp has infringed and is infringing any valid and enforceable claim of the '539 Patent.

67.     NetApp does not infringe any valid and enforceable claim of the '539 Patent.

68.     By virtue of the foregoing, NetApp desires a judicial determination of its rights and duties with respect to any alleged infringement of the '539 Patent.

69.     A judicial declaration is necessary and appropriate at this time so that the parties may proceed in accordance with their respective rights and duties determined by the Court.

## TENTH COUNT
## (Declaration of Patent Invalidity of U.S. Patent No. 7,945,539)

70.     NetApp repeats and incorporates by reference the preceding paragraphs of its Counterclaims as though fully set forth herein.

71.     PersonalWeb has brought a patent infringement action against NetApp.

72.     An actual controversy, within the meaning of 28 U.S.C. §§ 2201 and 2202, exists between PersonalWeb and NetApp regarding invalidity of the claims of the '539 Patent.

73.     Upon information and belief, the claims of the '539 Patent are invalid for failing to comply with the provisions of the Patent Laws, Title 35 of the United States Code, including without limitation one or more of 35 U.S.C. §§ 101, 102, 103, and/or 112 and/or the rules, regulations and law pertaining thereto.

74.     By virtue of the foregoing, NetApp desires a judicial determination of its rights and duties with respect to the invalidity of the claims of the '539 Patent.

75.     A judicial declaration is necessary and appropriate at this time so that the parties may proceed in accordance with their respective rights and duties determined by the Court.

## ELEVENTH COUNT
## (Declaration of Non-Infringement of U.S. Patent No. 7,945,544)

76.     NetApp repeats and incorporates by reference the preceding paragraphs of its Counterclaims as though fully set forth herein.

77.     PersonalWeb has brought a patent infringement action against NetApp.

78.     PersonalWeb has alleged that it is the owner by assignment of U.S. Patent No. 7,945,544 (the "'544 Patent").

79.     PersonalWeb has alleged and continues to allege that NetApp has directly, by inducement, and/or contributorily infringed the '544 Patent.

80.     An actual controversy, within the meaning of 28 U.S.C. §§ 2201 and 2202, has arisen and exists between PersonalWeb and NetApp concerning whether NetApp has infringed and is infringing any valid and enforceable claim of the '544 Patent.

81.     NetApp does not infringe any valid and enforceable claim of the '544 Patent.

82.     By virtue of the foregoing, NetApp desires a judicial determination of its rights and duties with respect to any alleged infringement of the '544 Patent.

83.     A judicial declaration is necessary and appropriate at this time so that the parties may proceed in accordance with their respective rights and duties determined by the Court.

### TWELFTH COUNT
### (Declaration of Patent Invalidity of U.S. Patent No. 7,945,544)

84.     NetApp repeats and incorporates by reference the preceding paragraphs of its Counterclaims as though fully set forth herein.

85.     PersonalWeb has brought a patent infringement action against NetApp.

86.     An actual controversy, within the meaning of 28 U.S.C. §§ 2201 and 2202, exists between PersonalWeb and NetApp regarding invalidity of the claims of the '544 Patent.

87.     Upon information and belief, the claims of the '544 Patent are invalid for failing to comply with the provisions of the Patent Laws, Title 35 of the United States Code, including without limitation one or more of 35 U.S.C. §§ 101, 102, 103, and/or 112 and/or the rules, regulations and law pertaining thereto.

88.     By virtue of the foregoing, NetApp desires a judicial determination of its rights and duties with respect to the invalidity of the claims of the '544 Patent.

89.     A judicial declaration is necessary and appropriate at this time so that the parties may proceed in accordance with their respective rights and duties determined by the Court.

### THIRTEENTH COUNT
**(Declaration of Non-Infringement of U.S. Patent No. 7,949,662)**

90.     NetApp repeats and incorporates by reference the preceding paragraphs of its Counterclaims as though fully set forth herein.

91.     PersonalWeb has brought a patent infringement action against NetApp.

92.     PersonalWeb has alleged that it is the owner by assignment of U.S. Patent No. 7,949,662 (the "'662 Patent").

93.     PersonalWeb has alleged and continues to allege that NetApp has directly, by inducement, and/or contributorily infringed the '662 Patent.

94.     An actual controversy, within the meaning of 28 U.S.C. §§ 2201 and 2202, has arisen and exists between PersonalWeb and NetApp concerning whether NetApp has infringed and is infringing any valid and enforceable claim of the '662 Patent.

95.     NetApp does not infringe any valid and enforceable claim of the '662 Patent.

96.     By virtue of the foregoing, NetApp desires a judicial determination of its rights and duties with respect to any alleged infringement of the '662 Patent.

97.     A judicial declaration is necessary and appropriate at this time so that the parties may proceed in accordance with their respective rights and duties determined by the Court.

### FOURTEENTH COUNT
**(Declaration of Patent Invalidity of U.S. Patent No. 7,949,662)**

98.     NetApp repeats and incorporates by reference the preceding paragraphs of its Counterclaims as though fully set forth herein.

99.     PersonalWeb has brought a patent infringement action against NetApp.

100.    An actual controversy, within the meaning of 28 U.S.C. §§ 2201 and 2202, exists between PersonalWeb and NetApp regarding invalidity of the claims of the '662 Patent.

101.    Upon information and belief, the claims of the '662 Patent are invalid for failing to comply with the provisions of the Patent Laws, Title 35 of the United States Code, including without limitation one or more of 35 U.S.C. §§ 101, 102, 103, and/or 112 and/or the rules, regulations and law pertaining thereto.

102.    By virtue of the foregoing, NetApp desires a judicial determination of its rights and duties with respect to the invalidity of the claims of the '662 Patent.

103.    A judicial declaration is necessary and appropriate at this time so that the parties may proceed in accordance with their respective rights and duties determined by the Court.

### FIFTEENTH COUNT
### (Declaration of Non-Infringement of U.S. Patent No. 8,001,096)

104.    NetApp repeats and incorporates by reference the preceding paragraphs of its Counterclaims as though fully set forth herein.

105.    PersonalWeb has brought a patent infringement action against NetApp.

106.    PersonalWeb has alleged that it is the owner by assignment of U.S. Patent No. 8,001,096 (the "'096 Patent").

107.    PersonalWeb has alleged and continues to allege that NetApp has directly, by inducement, and/or contributorily infringed the '096 Patent.

108.    An actual controversy, within the meaning of 28 U.S.C. §§ 2201 and 2202, has arisen and exists between PersonalWeb and NetApp concerning whether NetApp has infringed and is infringing any valid and enforceable claim of the '096 Patent.

109.    NetApp does not infringe any valid and enforceable claim of the '096 Patent.

110.    By virtue of the foregoing, NetApp desires a judicial determination of its rights and duties with respect to any alleged infringement of the '096 Patent.

111.    A judicial declaration is necessary and appropriate at this time so that the parties may proceed in accordance with their respective rights and duties determined by the Court.

**SIXTEENTH COUNT**
**(Declaration of Patent Invalidity of U.S. Patent No. 8,001,096)**

112.    NetApp repeats and incorporates by reference the preceding paragraphs of its Counterclaims as though fully set forth herein.

113.    PersonalWeb has brought a patent infringement action against NetApp.

114.    An actual controversy, within the meaning of 28 U.S.C. §§ 2201 and 2202, exists between PersonalWeb and NetApp regarding invalidity of the claims of the '096 Patent.

115.    Upon information and belief, the claims of the '096 Patent are invalid for failing to comply with the provisions of the Patent Laws, Title 35 of the United States Code, including without limitation one or more of 35 U.S.C. §§ 101, 102, 103, and/or 112 and/or the rules, regulations and law pertaining thereto.

116.    By virtue of the foregoing, NetApp desires a judicial determination of its rights and duties with respect to the invalidity of the claims of the '081 Patent.

117.    A judicial declaration is necessary and appropriate at this time so that the parties may proceed in accordance with their respective rights and duties determined by the Court.

**JURY DEMAND**

NetApp demands a trial by jury on all issues so triable.

**PRAYER FOR RELIEF**

WHEREFORE, having fully answered PersonalWeb's Complaint and having asserted Affirmative Defenses and Counterclaims, NetApp prays for judgment as follows:

A.      That this Court fully and finally dismiss PersonalWeb's claims against NetApp and order that PersonalWeb take nothing from NetApp;

B.      That this Court enter judgment and/or declarations that NetApp does not infringe the Patents-in-Suit and that the Patents-in-Suit are invalid and unenforceable against NetApp;

C.      That the Court enter a judgment declaring this case exceptional under 35 U.S.C. § 285 and awarding NetApp its attorneys' fees and prejudgment interest;

D.      That this Court award NetApp all of its costs of this action; and

E.      That this Court grant NetApp such other and further relief as the Court shall deem just and proper.

Respectfully submitted,

PARKER, BUNT, & AINSWORTH, P.C.

*/s/ Robert Christopher Bunt*
Robert Christopher Bunt
State Bar No.  00787165
rcbunt@pbatyler.com
100 East Ferguson, Ste. 1114
Tyler, TX 75702
(903) 531-3535
(903) 533-9687 (facsimile)

DUANE MORRIS LLP
L. Norwood Jameson
wjameson@duanemorris.com
Matthew C. Gaudet
mcgaudet@duanemorris.com
Jennifer H. Forte
jhforte@duanemorris.com
1180 West Peachtree Street, Suite 700
Atlanta, GA 30309-3448
404.253.6900
404.253.6901 (facsimile)

Joseph A. Powers
japowers@duanemorris.com
Jarrad M. Gunther (admitted *pro hac vice*)

jmgunther@duanemorris.com
40 South 17th Street
Philadelphia, PA 19103
215.979.1000
215.979.1020 (facsimile)

*Attorneys for Defendant NetApp, Inc.*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that all counsel of record, who are deemed to have consented to electronic service are being served this 27th day of February 2012, with a copy of NETAPP SYSTEMS, INC.'S ANSWER TO COMPLAINT, AFFIRMATIVE DEFENSES AND COUNTERCLAIMS via the Court's CM/ECF system per Local Rule CV-5(a)(3).

*/s/ Robert Christopher Bunt*
ROBERT CHRISTOPHER BUNT