IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | |
|---|---|
| PersonalWeb Technologies LLC and<br>Level 3 Communications LLC<br><br>                Plaintiff,<br><br>vs.<br><br>NetApp, Inc.<br>                Defendant. | Civil Action No. 6:11-cv-657-LED |

**NETAPP, INC.'S REPLY IN SUPPORT OF ITS MOTION TO STAY
<u>PENDING DECISION ON MOTION TO TRANSFER</u>**

I.   **INTRODUCTION**

Plaintiff PersonalWeb Technologies LLC ("PersonalWeb") cannot dispute the Federal Circuit's clear directive in *In re Fusion-IO, Inc.*, 489 Fed. Appx. 465. (Fed. Cir. Dec. 21, 2012). The Federal Circuit stated that a defendant should seek a stay pending resolution of a motion to transfer, and, in accordance with the Federal Circuit's order in that case, the district court granted the stay on remand. *See Solid State Storage Solutions, Inc. v. STEC, Inc., et al.*, Case No. 2:11-cv-00391-JRG-RSP, Doc. No. 292 (E.D. Tex. Jan. 3, 2013). PersonalWeb attempts to sidestep the Federal Circuit's Order, which is based on established Fifth Circuit precedent, while at the same ignoring this district's implementation of that Order.

Likewise, PersonalWeb cannot dispute that the Federal Circuit and the Fifth Circuit have made clear that motions to transfer should be decided and the proper venue determined *before* reaching the substantive merits of the case. *See Fusion-IO*, at 466 ; *In re EMC Corp.*, 2013 WL 324154, at *2 (Fed. Cir. Jan. 29, 2013) ("This case is a prime example of the importance of addressing motions to transfer at the outset of litigation. . . Congress' intent 'to prevent the waste of time, energy and money and to protect litigants, witnesses and the public against unnecessary inconvenience and expense,' may be thwarted where, as here, defendants must partake in years of litigation prior to a determination on a transfer motion."); *In re Horseshoe Entm't*, 337 F.2d 429, 433 (5th Cir. 2003) ("in our view disposition of [a] motion [to transfer] should have taken top priority in the handling of this case by the . . . District Court."). With this case entering the *Markman* stage of the litigation, a stay is essential so that the Court will have the opportunity to rule on NetApp's transfer motion before the case proceeds any further.

## II. ARGUMENT

### A. The Federal Circuit Demonstrated its Clear Intention that a Stay of Discovery be Granted in this Context

PersonalWeb argues that this Court should disregard the language from *Fusion-IO* because it is "dicta." PersonalWeb Opposition ("Opposition") at 2. To the contrary, the Federal Circuit has provided a clear directive to defendants and to district courts, and that directive was followed in that very case. In *Fusion-IO*, defendant timely moved to sever patent claims asserted against it and to transfer them to another district. *In re Fusion-IO*, 489 Fed. Appx. at 465. Over nine months of litigation passed without any ruling on the issue of venue. Fusion-IO thus sought a writ of mandamus. The Federal Circuit denied the writ because it refused "to bypass the district court's weighing of the facts and considerations relevant" to the transfer motion. *Id.* at 465-66. However, with the *Fusion-IO* case past the early stages of litigation, the Federal Circuit did not just deny the writ. Instead, citing *McDonnell Douglas Corp. v. Polin*, 429 F.2d 30 (3d Cir. 1970),[1] and *In re Horseshoe Entm't*, 337 F.3d at 433, the Federal Circuit stated that it expected the petitioner, in conformance with the rule that a transfer motion should be addressed before reaching the merits of the case, to re-file its motion to transfer accompanied by a motion to stay pending resolution of that motion. *Id.* This was not dicta, but rather clear instruction to the petitioner on how to insure that its transfer motion is addressed before the case progresses

---

[1] In *McDonnell Douglas Corp.*, the Third Circuit explained that [t]o undertake a consideration of the merits of the action is to assume, even temporarily, that there will be no transfer before the transfer issue is decided. Judicial economy requires that another district court should not burden itself with the merits of the action until it is decided that a transfer should be effected and such consideration additionally requires that the court which ultimately decides the merits of the action should also decide the various questions which arise during the pendency of the suit instead of considering it in two courts. 429 F.2d at 30. PersonalWeb argues that the *McDonnell* case is irrelevant because "regional circuit law controls decisions relating to motions to transfer venue." Opp. at 4. But *McDonnell* was cited by the Federal Circuit in *Fusion-IO* and *In re EMC*, and is thus relevant at least in indicating the views of the Federal Circuit.

any further. Moreover, despite insisting that a stay was not "mandated" in that case, PersonalWeb wholly ignores that Fusion-IO followed the Federal Circuit's directive, filed a motion to stay in conjunction with a renewed motion to transfer, and the East Texas district court promptly granted the motion, staying all proceedings pending resolution of Fusion-IO's transfer motion. *See Solid State*, No. 2:11-cv-00391-JRG-RSP, Dkt. # 292 (E.D. Tex. Jan. 3, 2013) (granting stay motion).[2] The same result is appropriate in this case.

B. **A Stay is Appropriate Here in Accordance with the Principles Stated in *Fusion-IO* and the Applicable Law**

Under Fifth Circuit law, a Court deciding a motion to stay should consider (1) the potential prejudice to the plaintiff from a stay; (2) the potential hardship to the defendant if the stay is denied; and (3) the judicial efficiency in avoiding duplicative litigation. *See Nguyen v. BP Exploration & Prod., Inc.*, CIV.A. H-10-2484, 2010 WL 3169316 (S.D. Tex. Aug. 9, 2010) (citation omitted) (granting stay pending motion to transfer).

With respect to the first factor, prejudice to the plaintiff from a stay, PersonalWeb does not identify any prejudice from the grant of a stay. In fact, should the motion to transfer be granted, the lack of a stay could prejudice *both* PersonalWeb and NetApp, if litigation in Texas must be revisited by both parties in California.

---

[2] PersonalWeb makes numerous additional arguments as to why *In re Fusion IO* should not be read to support a stay in this case. Each of these arguments is unavailing. Local Rule CV-26(a) provides that pending motions do not allow a party to automatically shirk its discovery obligations, but that does not conflict with the relief sought here. PersonalWeb also cites the Seventh Circuit's decision in *A.C. Nielsen Co. v. Hoffman*, 270 F.2d 693, 696 (7th Cir. 1959), which reversed a district court's decision to transfer the case before discovery could be taken relevant to the issue of venue. Not only is this dated Seventh Circuit case not cited with approval by either the Fifth Circuit or Federal Circuit, it is irrelevant as there is nothing to suggest that PersonalWeb needs to undertake more discovery relevant to the transfer motions. And, PersonalWeb's citations to cases involving the merits of a transfer motion rather than a motion for entry of a stay are inapposite. *See In re Volkswagen of America, Inc.*, 545 F.3d 304 (5th Cir. 2008) (en banc)*; In re VTech Commc'ns., Inc.,* 2010 WL 46332, at *2 (Fed. Cir. Jan. 6, 2010); *In re HTC Corp.*, 2012 U.S. App. LEXIS 19948 (Fed. Cir. Sept. 20, 2012).

PersonalWeb argues that "this case has been proceeding on course for over a year." Opposition at 1. Precisely the same thing could be said for the *Fusion IO* case, and it was that passage of time that caused the Federal Circuit to instruct that a motion to stay be filed, thus ensuring that merits issues not be reached. Shortly after the Federal Circuit established that procedure, Defendants filed the motion to stay here, before any substantive issues are decided by the Court. PersonalWeb also argues that a stay of its case against NetApp would cause lack of coordination with co-pending cases that share a Docket Control Order. Opposition at 6. The fact is, however, there is a motion to transfer and a motion to stay pending in each of those co-pending cases.[3] The most efficient approach would be for this Court to order a stay in all of the co-pending cases, so that no lack of coordination would result.

The second and third factors – hardship to the defendant if a stay is denied and judicial efficiency – are related and also weigh in favor of a stay. The longer that discovery proceeds, the greater the risk of duplicative litigation if transfer occurs, leading to increased costs for both defendants and plaintiff, as well as the risk of confusion and case management complexities in the new court. These principles were explicitly recognized in one of the cases cited by the Federal Circuit in *Fusion-IO*: *McDonnell Douglas Corp. v. Polin*, 429 F.2d 30, 30–31 (3d Cir. 1970). In that case, the Third Circuit held that general discovery should not proceed until the transfer question was resolved, *id.* at 31, and noted the efficiency benefits of such a procedure:

---

[3] *See PersonalWeb, et al. v. Google, Inc., et al.*, No. 6:11-cv-00656, Dkt. # 115 (E.D. Tex. Feb. 7, 2013); *PersonalWeb, et al. v. NEC Corp. of Am., Inc.*, No. 6:11-cv-00655, Dkt. # 72 (E.D. Tex. Feb. 27, 2013); *PersonalWeb, et al. v. Autonomy, et al.*, No. 6:11-cv-00683, Dkt. # 123 (E.D. Tex. Feb. 6, 2013); *PersonalWeb, et al. v. Amazon Web Servs. LLC, et al.*, No. 6:11-cv-00658, Dkt. # 106 (E.D. Tex. Feb. 26, 2013); *PersonalWeb, et al. v. EMC Corp., et al.*, No. 6:11-cv-00660, Dkt. # 95 (E.D. Tex. Feb. 6, 2013). Counsel for Caringo has informed counsel for NetApp that Caringo and PersonalWeb have reached a settlement, and that dismissal documents will be filed with the Court in the near future.

> Judicial economy requires that another district court should not burden itself with the merits of the action until it is decided that a transfer should be effected and such consideration additionally requires that the court which ultimately decides the merits of the action should also decide the various questions which arise during the pendency of the suit instead of considering it in two courts.

*Id.* at 30. The same reasoning argues in favor of a stay here.

### C. Neither Local Rule CV-26(a) Nor Any Cases Cited by PersonalWeb Create a Barrier to a Stay in this Context

PersonalWeb argues that Local Rule CV-26(a) is inconsistent with the grant of a stay in this case, but provides no explanation for this assertion. Opposition at 2-3. Local Rule CV-26(a) states: "Absent court order to the contrary, a party is not excused from responding to discovery because there are pending motions to dismiss, to remand, or to change venue." There is no inconsistency here. While Rule 26(a) makes clear that pending motions do not automatically free a party from any requirement to respond to discovery, that in no way implies that a Court should not grant a motion to stay discovery pending determination of a transfer motion.

Moreover, none of the cases that PersonalWeb cites supports its position that a stay should be denied. PersonalWeb cites several cases that relate to the merits of a *motion to transfer* rather than a *motion to stay*, and are therefore inapposite here. *See In re Volkswagen of America, Inc.*, 545 F.3d. 304 (5th Cir. 2008) (en banc)*; In re VTech Communs., Inc.*, 2010 U.S. App. LEXIS 372 (Fed. Cir. Jan. 6, 2010); *In re HTC Corp.*, 2012 U.S. App. LEXIS 19948 (Fed. Cir. Sept. 20, 2012).

### III. CONCLUSION

For the foregoing reasons, NetApp respectfully requests that the Court stay all proceedings in this case pending disposition of NetApp's Motion to Transfer Venue.

Respectfully submitted this 8th day of March, 2013.

5
DM2\4151001.1

> Judicial economy requires that another district court should not burden itself with the merits of the action until it is decided that a transfer should be effected and such consideration additionally requires that the court which ultimately decides the merits of the action should also decide the various questions which arise during the pendency of the suit instead of considering it in two courts.

*Id.* at 30. The same reasoning argues in favor of a stay here.

### C. Neither Local Rule CV-26(a) Nor Any Cases Cited by PersonalWeb Create a Barrier to a Stay in this Context

PersonalWeb argues that Local Rule CV-26(a) is inconsistent with the grant of a stay in this case, but provides no explanation for this assertion. Opposition at 2-3. Local Rule CV-26(a) states: "Absent court order to the contrary, a party is not excused from responding to discovery because there are pending motions to dismiss, to remand, or to change venue." There is no inconsistency here. While Rule 26(a) makes clear that pending motions do not automatically free a party from any requirement to respond to discovery, that in no way implies that a Court should not grant a motion to stay discovery pending determination of a transfer motion.

Moreover, none of the cases that PersonalWeb cites supports its position that a stay should be denied. PersonalWeb cites several cases that relate to the merits of a *motion to transfer* rather than a *motion to stay*, and are therefore inapposite here. *See In re Volkswagen of America, Inc.*, 545 F.3d. 304 (5th Cir. 2008) (en banc)*; In re VTech Communs., Inc.*, 2010 U.S. App. LEXIS 372 (Fed. Cir. Jan. 6, 2010); *In re HTC Corp.*, 2012 U.S. App. LEXIS 19948 (Fed. Cir. Sept. 20, 2012).

### III. CONCLUSION

For the foregoing reasons, NetApp respectfully requests that the Court stay all proceedings in this case pending disposition of NetApp's Motion to Transfer Venue.

Respectfully submitted this 8th day of March, 2013.

DUANE MORRIS LLP

/s/*Jennifer H. Forte*
L. Norwood Jameson
wjameson@duanemorris.com
Matthew C. Gaudet
mcgaudet@duanemorris.com
Jennifer H. Forte
jhforte@duanemorris.com
DUANE MORRIS LLP
1075 Peachtree Street, N.E.
Suite 2000
Atlanta, GA 30309-3929
404.253.6900 (telephone)
404.253.6901 (facsimile)

Joseph A. Powers
japowers@duanemorris.com
Jarrad M. Gunther (admitted *pro hac vice*)
jmgunther@duanemorris.com
DUANE MORRIS LLP
40 South 17th Street
Philadelphia, PA 19103
215.979.1000
215.979.1020 (facsimile)

PARKER, BUNT, & AINSWORTH, P.C.
Robert Christopher Bunt
rcbunt@pbatyler.com
100 East Ferguson
Ste. 1114
Tyler, TX 75702
(903) 531-3535
(903) 533-9687 (facsimile)

***Attorneys for Defendant NetApp, Inc.***

## CERTIFICATE OF SERVICE

      The undersigned certifies that the foregoing document was filed electronically in compliance with Local Rule CV-5(a).  As such, this document was served on all counsel who have consented to electronic service.  Pursuant to Fed. R. Civ. P. 5(d) and Local Rule CV5(e), all other counsel of record not deemed to have consented to electronic service were served with a true and  correct copy of the foregoing by U.S. mail, on March 8, 2013.

                                                /s/ Jennifer H. Forte
                                                Jennifer H. Forte